UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>Plaintiff,<br><br>v.<br><br>GLADDEN BRUCE, et al.,<br><br>Defendants. | No. 1:24-cv-01433-KES-SAB (PC)<br><br>ORDER SEVERING AND TRANSFERRING CLAIMS ARISING AT SALINAS VALLEY STATE PRISON TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA<br><br>(ECF No. 20) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on December 19, 2023, in the United States District Court for the Eastern District of California, Sacramento Division. On November 22, 2024, the action was transferred to the Fresno Division, based on the allegations raised in the first amended complaint.

Plaintiff's first amended complaint raises claims that took place at Kern Valley State Prison (KVSP) and Salinas Valley State Prison (SVSP). (ECF No. 20.) Plaintiff's claims challenging events that took place at SVSP are not properly before this Court.

To determine the proper venue for a 1983 claims, courts apply the general venue statute. See 28 U.S.C. § 1391(b). Under that statute, a civil action may be brought in

1

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Id. For venue purposes, a "natural person" resides in the district where the person is domiciled. See 28 U.S.C. § 1391(c)(1).

Here, Plaintiff's allegations that challenge the conditions of confinement he faced while at SVSP are not properly before this Court. From the face of the first amended complaint, it is clear that, under Section 1391(b)(1) or (2), this Court is not a proper venue for Plaintiff's claims for actions that took place at SVSP. Given the separate nature of the claims and issues and the potential prejudice to the SVSP Defendants, it is appropriate to sever Plaintiff's claims arising at SVSP, pursuant to Rule 21. Severance under Rule 21 does not necessarily mean dismissal, however. See, e.g., Gaffney v. Riverboat Servs. of Indiana, Inc., 451 F.3d 424, 442 (7th Cir. 2006) ("[S]everance under Rule 21 creates two separate actions or suits where previously there was but one.") (internal quotation omitted); Fisher v. United States, 2015 WL 5723638, at *7 (C.D. Cal. June 18, 2015) ("[P]ursuant to Rule 21, the severed claim becomes a new and separate action.") (citing Lee v. Cook County, 635 F.3d 969, 971 (7th Cir. 2011). In deciding whether to dismiss or transfer claims severed pursuant to Rule 21, district courts must "conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.' " Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)).

Accordingly, Plaintiff's claims against the SVSP Defendants should be severed from this case and transferred to the Northern District of California as a separate action. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); 28 U.S.C. § 1391(b); see also Allen v. Hubbard, 2018 WL 1710061, at *2 (E.D. Cal. Apr. 9, 2018) (transferring severed claims to

appropriate federal district, rather than dismissing the claims, because plaintiff may be prejudiced by dismissal due to statute of limitations), and recommendation adopted, 2018 WL 1911678 (E.D. Cal. Apr. 23, 2018).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims arising at SVSP State Prison are severed from this action and transferred to the United States District Court for the Northern District of California, to proceed as a separate civil action in that district;

2. The Clerk's Office shall forward to the United States District Court for the Northern District of California:

    (1) a copy of this order, and

    (2) a copy of the first amended complaint filed in this action on December 19, 2023 (ECF No. 20).

IT IS SO ORDERED.

Dated:   **February 3, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3